UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 16-cr-77 DWP

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | PLEA AGREEMENT AND |
| Plaintiff, | ) | SENTENCING STIPULATIONS |
| | ) | |
| v. | ) | |
| | ) | |
| ABDUL RAHEEM HABIL ALI-SKELTON, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and Abdul Raheem Habil Ali-Skelton (hereinafter referred to as "the defendant") agree to resolve this case on the terms and conditions that follow.  This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota.  This agreement does not bind any other United States Attorney's Office or any other federal or state agency.   The government agrees not to bring further charges against the defendant for his participation in any criminal activity that he has disclosed to the government as of the date of this agreement.

## PLEA AGREEMENT

1.    Charges.   The defendant agrees to plead guilty to Count 1 of the Information which charges the defendant with making a false statement to agents of the Federal Bureau of Investigation, in violation of Title 18, United States Code, Section 1001.

2.    Factual Basis and Stipulated Facts.   The parties agree on the following factual basis for the plea agreement:  On July 16, 2015, in the State and District of Minnesota, the defendant knowingly and willfully made false statements to agents of the

SCANNED

APR 2.9 2016

U.S. DISTRICT COURT ST. PAUL

Federal Bureau of Investigation ("FBI").  At the time the defendant made these statements, the defendant knew the agents of the FBI were pursuing an investigation involving international terrorism.  Further, and as set forth below, the defendant knew the FBI was investigating both the designated foreign terrorist organization the Islamic State of Iraq and the Levant ("ISIL") and those seeking to provide material support to ISIL.

Specifically, on July 16, 2015, the defendant was asked by agents of the FBI about the existence and duration of communications between the defendant and Syria-based members of ISIL and about his use of social media to engage in such communications.  In response to these questions, the defendant knowingly and falsely stated that his last contact with Syria-based members of ISIL was in May or early June 2015.  The defendant also knowingly concealed the true extent of his use of social media to communicate with Syria-based members of ISIL.  At the time the defendant made these false statements, the defendant well knew that he had been communicating with members of ISIL as recently as July 4, 2015, and had been doing so using an account that he deliberately concealed from the FBI agents during the course of the interview.  Indeed, the defendant used this concealed account to send and receive more than 75 messages with Syria-based members of ISIL between June 27, 2015 and July 4, 2015.  Finally, the defendant admits that he made these false statements in order to impede the FBI's investigation.

3.  <u>Waiver of Pretrial Motions</u>.  The defendant understands and agrees that he has certain rights to file pre-trial motions in this case.  As part of this plea agreement, and when accepted by the court, and based upon the concessions of the United States within

this plea agreement, the defendant knowingly, willingly, and voluntarily waives his right to file any motions and gives up the right to litigate pre-trial motions in this case.

    4.    <u>Statutory Penalties</u>.  The parties agree that Count 1 of the Information carries a maximum statutory penalty of:

    a.    Eight (8) years' imprisonment;

    b.    Supervised release term of three (3) years;

    c.    A criminal fine of $250,000; and

    d.    A mandatory special assessment of $100, which is payable to the Clerk of Court prior to sentencing.

    5.    <u>Revocation of Supervised Release</u>.  The defendant understands that, if he were to violate any condition of supervised release, he could be sentenced to an additional term of imprisonment, pursuant to 18 U.S.C. § 3583(e).

    6.    <u>Guideline Sentencing Stipulations</u>.  The defendant acknowledges that he will be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. § 3551, *et seq.*, with reference to the applicable United States Sentencing Guidelines ("U.S.S.G."). The parties agree that the following stipulations regarding the Guidelines are binding upon them with respect to the offense charged in this Information. The parties understand, however, that the stipulations contained herein are not binding upon the Court.

    a.    <u>Base Offense Level</u>.  The parties believe the applicable Guideline section is U.S.S.G. § 2J1.2 because the offense involved a false statement.  Accordingly, the base offense level is 14.

b.    <u>Specific Offense Characteristics</u>.  The parties believe that a 12-level enhancement is applicable pursuant to guideline section 3A1.4(a). However, because the resulting offense level is less than 32, the offense level is increased to 32.

c.    <u>Chapter 3 Adjustments</u>.  The parties agree that the provisions of Chapter 3 of the Sentencing Guidelines do not apply, except as set forth herein.  The parties further agree that the facts of this case support no other specific offense characteristics or chapter three adjustments.

d.    <u>Acceptance of Responsibility</u>.  The parties agree that if the defendant (1) provides full, complete and truthful disclosures to the United States Probation Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this Agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government will recommend that the defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and will move for an additional one-level reduction under § 3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion.

e.    <u>Total Offense Level</u>.  With the application of § 3A1.4, the total offense level is 32, minus 3 points for acceptance of responsibility, if applicable, for an adjusted offense level of 29.

f.    <u>Criminal History Category</u>.  The parties believe that because § 3A1.4 enhancement applies, the defendant has a criminal history category of VI.

g.    <u>Guidelines Range</u>.  The parties agree that, if the adjusted offense level is 29, and the defendant's criminal history category is VI, then the Guidelines range is 96 months' imprisonment, the statutory maximum sentence.

h.    <u>Fine Range</u>.  The parties agree that, if the adjusted offense level is 29, the fine range is $15,000 to $150,000.

4

i.      <u>Supervised Release</u>.   The parties agree that the Sentencing Guidelines specify that, if a term of supervised release is ordered, the term of supervised release is one to three years.   U.S.S.G. § 5D1.2(a)(2).

j.      <u>Departures and Sentencing Recommendations</u>.   The parties reserve their rights to seek departures from the applicable guideline on any grounds, as well as a non-guideline sentence.

7.    <u>Discretion of the Court</u>.   The foregoing stipulations are binding on the parties, but do not bind the Court.   The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the discretion of the Court. The Court may make its own determinations regarding the applicable guideline factors and the applicable criminal history category.   The Court may also depart from the applicable guidelines.   If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this Agreement and the defendant will be sentenced pursuant to the Court's determinations.

8.  <u>Special Assessment</u>.   The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3.   Therefore, the defendant is required to pay $100 before sentencing.

9.  <u>Forfeiture</u>.   The government reserves its right to proceed against any of the defendant's assets if said assets represent real or personal property involved in violations of the laws of the United States or are proceeds traceable to such property.

5

12.   Complete Agreement.   This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: *27 APR 16*

ANDREW M. LUGER
United States Attorney

BY: CHARLES J. KOVATS, JR.
Assistant U.S. Attorney

Dated: 4/27/16

ABDUL RAHEEM HABIL ALI-SKELTON
Defendant

Dated: 1/27/2016

ROBERT RICHMAN, ESQ.
Attorney for Defendant