UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-77 (DWF)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MOTION FOR DISCOVERY OF |
| ) | BASIS FOR EXPERT OPINION |
| ABDUL RAHEEM ALI-SKELTON, ) | |
| ) | |
| Defendant. ) | |

Defendant, Abdul Ali-Skelton, hereby moves the Court for an order directing Daniel Koehler and/or the Probation Office to produce the following information pertaining to his evaluation of Mr. Ali-Skelton:

a. The methodology and/or analytic model on which his conclusions are based;

b. The basis for his conclusions;

c. All facts on which his conclusions are based;

d. All empirical data that supports his analysis;

e. All recommendations to the Court and the bases for those recommendations.

In support of this motion, Mr. Ali-Skelton states as follows:

1. By order dated May 18, 2016, this Court ordered that Mr. Ali-Skelton submit to a "presentence examination and study to evaluate risk assessment and recommended intervention needs for de-radicalization of defendants involved in terrorism related cases." Doc. No. 21 at 1. The Court ordered probation to contract with Daniel Koehler to perform this evaluation for the Court.

2. The Court specified ten separate subjects the report was to cover. The Court ordered that the report specifically do the following, among other things:

    a. Identify and describe case specific driving factors of radicalization for the individual defendant:

    b. Complete risk assessment including level of engagement and identified engagement factors;

    c. Assess level of intent to commit acts of violence;

    d. Assess level of capability and capability factors to commit violence;

    e. Provide a recommended disengagement and de-radicalization intervention program tailored to the individual defendant's circumstances and underlying radicalization factors.

3. The Court specified that it would disclose the report to the parties prior to sentencing. The Court made no provision for any portions of the report, including Mr. Koehler's recommendations, being disclosed to the Court confidentially, without disclosure to the parties.

4. On December 2, 2016, the Probation Office disclosed to the parties a portion of Mr. Koehler's report as an addendum to the Presentence Report. It also submitted to the Court Daniel Koehler's Confidential Recommendation Letter. Mr. Koehler's recommendation letter was not disclosed to the parties.

5. The part of the Koehler report disclosed to the parties consists of a 4-page summary of Mr. Koehler's 60 minute interview with Mr. Ali-Skelton, followed by a one paragraph assessment of risk. The risk assessment fails to explain the basis for the author's conclusion, the facts which informed that conclusion, or the methodology or analysis employed. In particular it fails to make any of the assessments particularly ordered by the Court noted above. In addition, although the Court specified that the report include detailed recommendations tailored to Mr. Ali-Skelton's particular needs, that portion of the report has not been disclosed to

the parties.

6. Mr. Koehler's report plainly fails even the minimal disclosure requirements of Fed. R. Crim. P. 16(a)(1)(G). It barely describes the author's conclusions and utterly fails to detail his opinions or the bases and reasons for those opinions. This is particularly troublesome here. This is an expert retained by the Court to it in exercising its sentencing discretion. The defendant has a right to know what analysis and recommendations the expert has made to the Court. *See, e.g.,* Fed. R. Crim. P. 32(i) (defendant entitled to written summary of all information excluded from PSR on which the court will rely in sentencing).

7. There is no basis to conceal that information here. Although Rule 32 authorizes the Court not to disclose the recommendation of the probation officer, Mr. Koehler is not a probation officer. He is the Court's expert. The Probation Office need not disclose whether it has adopted Mr. Koehler's recommendations. In any event, the Court is free under Rule 32 to disclose even the probation officer's recommendation. *See* Fed. R. Crim. P. 32(e)(3).

8. Without full disclosure of the factual and analytic bases for Mr. Koehler's conclusions and his recommendations, Mr. Ali-Skelton faces the very real risk of being sentenced on the basis of misinformation. *See Townsend v. Burke*, 334 U.S. 736, 741, (1948) (due process violated when information on which the defendant is sentenced is "materially untrue" or is in fact "misinformation); *Roberts v. United States*, 445 U.S. 552, 556 (1980) (defendant has a due process right to be sentenced on the basis of accurate information); *Poor Thunder v. United States*, 810 F.2d 817, 822 (8th Cir. 1987) (Rule 32 "is designed to safeguard the [due process] right . . . that defendants be sentenced on the basis of materially accurate facts, or at any rate that they not be sentenced on the basis of any facts until a fair process for determining accuracy has been made available"); Fed. R. Crim. P. 32.

9. That need is not just hypothetical. In his risk assessment, Mr. Koehler noted that Mr. Ali-Skelton had produced nasheeds and taken part in "street protests." Neither is correct. Mr. Ali-Skelton stated that he enjoyed listening to nasheeds (a form of Arabic acapella music) even though he did not understand Arabic. He did not produce any. He said nothing about engaging in street protests, and counsel is completely flummoxed by this reference. It is impossible to say whether Mr. Koehler's evaluation is tainted by other factual misstatements.

10. Mr. Koehler noted that his sources included police reports and "open source information," including newspaper articles. These are not reliable sources of information.

11. Mr. Ali-Skelton cannot fully address the conclusions and opinions of the Court's expert without knowing fully what those conclusions and opinions are, the factual and analytical bases for those conclusions, the methodology and analysis employed in reaching them, and the specific sentencing recommendations that flow from them.

For the foregoing reasons, this Court should Order Daniel Koehler and/or the Probation Office to produce the requested information to the parties.

Dated: December 14, 2016

Respectfully submitted,

*s/ Robert D. Richman*
ROBERT D. RICHMAN
Attorney ID No. 226142
P.O. Box 16643
St. Louis Park, MN  55416
(651) 278-4987

Attorney for Defendant